**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1 Queens Pass, Colts Neck, New Jersey_

Address of Defendant: _863 Lancaster Avenue Bryn Mawr, PA_

Place of Accident, Incident or Transaction: _Bryn Mawr, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　Yes☐　No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
　　Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
　　Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
　　Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
　　(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
　　(Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _L. Kenneth Chotiner_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _9/21/11_ _____ _77451_
　　　　　　　　Attorney-at-Law　　　　　　Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/21/11_ _____ _77451_
　　　　　　　　Attorney-at-Law　　　　　　Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| *[handwritten]* | : | CIVIL ACTION |
| v. | : | |
| *[handwritten]* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (✓)

| *[handwritten]* | *[handwritten]* | *[handwritten]* |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| *[handwritten]* | *[handwritten]* | *[handwritten]* |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph Ruggiero                      :          CIVIL ACTION
                    v.               :
The Grog, et al.                     :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

9/21/11              L. Kenneth Chotiner          Joseph Ruggiero
**Date**             **Attorney-at-law**          **Attorney for**

215 564 6544         215 972 2890                 lkc@thechotinerfirm.com
**Telephone**        **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Joseph Ruggiero

## DEFENDANTS

The Grog, The Pub Group, LLC, The Pub Group II, LLC, Douglas Shafer, Charles McHugh, Ryan Walsh, Torrence ■

**(b)** County of Residence of First Listed Plaintiff   Monmouth Co., NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Montgomery Co., PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

L. Kenneth Chotiner, The Chotiner Firm, 1818 Market Street, Suite 3100 Philadelphia, PA 19103 215.564.6544

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Negligence, Assault, and Battery

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   09/26/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RUGGIERO | | CIVIL ACTION |
| | Plaintiff | |
| | | No.: 11-CV- |
| Vs. | | |
| | | JURY TRIAL DEMANDED |
| THE GROG,<br>THE PUB GROUP, LLC, d/b/a THE GROG,<br>THE PUB GROUP II, LLC, d/b/a THE GROG,<br>DOUGLAS SHAFER<br>CHARLES McHUGH<br>RYAN WALSH<br>TORRENCE AMOS, Jr.<br>CHAND PATELLA, and,<br>JOHN DOE NUMBERS ONE THROUGH TEN | | |
| | Defendants | |

COMPLAINT

I.    JURISDICTION

1.    This action is brought pursuant to 28 U.S.C. Section 1332.

2.    The Plaintiff, Joseph Ruggiero ("Plaintiff") is a Citizen of the State of New Jersey.

3.    The Defendants are Citizens of the Commonwealth of Pennsylvania.

4.    The amount in controversy exceeds $75,000.00.

II.    PARTIES

5.    Plaintiff, Joseph Ruggiero, is a resident and citizen of the State of New Jersey, currently residing at 1 Queens Pass, Colts Neck, New Jersey.

6.    Defendant, The Grog, is a business, entity, company, partnership, franchise, fictitious name, proprietorship, or, corporation with a registered office for the acceptance of service or a principal place of business at 863 Lancaster Avenue, Bryn Mar, Pennsylvania, 19010.

7.      Defendant, The Pub Group, LLC, d/b/a, The Grog, is a business, entity, company, partnership, franchise, fictitious name, proprietorship, or, corporation with a registered office for the acceptance of service or a principal place of business at 863 Lancaster Avenue, Bryn Mar, Pennsylvania, 19010.

8.      Defendant, The Pub Group II, LLC, d/b/a, The Grog, is a business, entity, company, partnership, franchise, fictitious name, proprietorship, or, corporation with a registered office for the acceptance of service or a principal place of business at 863 Lancaster Avenue, Bryn Mar, Pennsylvania, 19010.

9.      Defendant, Douglas Shafer, is, upon information and belief, a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 900 Edmonds Avenue, Drexel Hill, Pennsylvania 19026.

10.     Defendant, Charles McHugh, is, upon information and belief, a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 106 Spring Garden Street, West Conshohocken, PA 19428.

11.     Defendant, Ryan Walsh, is, upon information and belief, a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 18 Oakford Road, Wayne, PA 19087.

12.     Defendant, Torrence Amos, Jr., is, upon information and belief, a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 95 Springton Road, Upper Darby, Pennsylvania 19082.

13.     Defendant, Chand Patella, is, upon information and belief, a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 275 S. Bryn Mawr Avenue, Apartment D-9, Bryn Mawr, Pennsylvania 19010.

14.     At all times material and relevant to this complaint, Defendant, The Grog, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

15.     At all times material and relevant to this complaint, Defendant, The Pub Group, LLC, d/b/a The Grog, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives

of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

16.    At all times material and relevant to this complaint, Defendant, The Pub Group II, LLC, d/b/a The Grog, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

17.    At all times material and relevant to this complaint, said defendants, jointly and/or severally, did act through their agents, employees, owners, representatives, agents and/or employees while in the course and scope of their employment and/or agency.

18.    Defendants, The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, jointly and/or severally, owned, managed, possessed, selected personnel, staffed, trained, supervised, and/or operated a business known as The Grog at 863 W. Lancaster Avenue, Bryn Mawr, Pennsylvania.

19.    All references to "bouncers" and/or "Defendants' bouncers" refer to those employees, servants, and/or agents of the Defendants, The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, and Defendants, Shafer, McHugh, Walsh, and, Amos.

III.    FACTS

20.    On or about January 21, 2010, at approximately 11:30 p.m., Plaintiff, Joseph Ruggiero, was a business invitee at defendants' The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, nightclub located at 863 W. Lancaster Avenue, Bryn Mawr, Pennsylvania.

21.    At the aforestated time and place, one of plaintiff's friends was refused entry to the nightclub.

22.    Plaintiff, who was already in the nightclub, with other friends, decided to leave.

23.    Plaintiff left the nightclub without incident.

24.    As plaintiff was walking down the street on Lancaster Avenue, he was approached by Defendants, Shafer, McHugh, Walsh, Amos, and Patella and was unlawfully assaulted, battered, and attached by said defendants, hitting his body and/or striking him with an object without any legal

justification. Immediately prior to being attacked, plaintiff was peacefully and lawfully on the street off of defendants' premises.

25.     As a result of plaintiffs attack by the individual defendants, he suffered injuries, including but not limited to, his head, teethe, and a central disc herniation at C5-C6.

26.     Upon information and belief, at all relevant times, Defendants, Shafer, McHugh, Walsh, Amos, and Patella, were employed as employees, agents and/or servants of Defendants, The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, jointly and/or severally, in the course and scope of their employment, service, and/or agency.

27.     As the direct and proximate result of this incident, plaintiff has suffered injuries, which are or may be serious and permanent, including, but not limited to his head, teeth, and back, and, damage to his nerves and nervous system, and/or various other ills and injuries.

28.     As a further result of this incident, plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

29.     As a further result of this incident, plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendants, jointly and/or severally, are liable for all of same.

30.     As a further result of this incident, plaintiff has suffered an injury, which may be in full or part a cosmetic disfigurement, which is or may be permanent, irreparable, or severe.

31.     As a further result of this incident, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

32.     As a further result of this incident, plaintiff has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

33.     As a further result of this incident, plaintiff has or may suffer loss of earnings and impairment of his earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

34. As a further result of the incident, plaintiff has or may continue in the future incur other financial expenses or losses to which he may be otherwise be entitled to recover.

35. As a further result of the incident, plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

### FIRST CAUSE OF ACTION
### NEGLIGENCE, NEGLIGENT SECURITY and/or SUPERVISION
### JOSEPH RUGGIERO v. THE GROG, THE PUB GROUP, LLC, and, THE PUB GROUP II, LLC

36. Plaintiff, Joseph Ruggiero, incorporates herein by reference paragraphs one through thirty-five, inclusive, as though same were set forth at length.

37. Based on information and belief, Defendants, The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, hired, selected and/or trained the bouncers/security personnel who at all relevant times, were defendants' employees, agents and/or servants, who participated in the act and/or omissions set forth above resulting in the attack, assault, battery, false imprisonment of and/or injuring contact to plaintiff.

38. Based on information and belief, defendants, jointly and/or severally, undertook the responsibility for providing security through bouncers and/or otherwise for business invitees and patron to defendants' premises, such as plaintiff.

39. Based on information and belief, defendants, jointly and/or severally maintain their own in/house bouncers and/or security force and provide all training and employee selection for their bouncers and/or security guards, including those who were on duty at the time of this attack and incident.

40. Based on information and belief, defendants selected and trained the bouncers and/or security guards and all other employees, agents and/or servants who were involved in hitting, contacting, assaulting, and/or battering plaintiff.

41. As set forth below, defendants, jointly and/or severally, failed to undertake their duty to protect their patrons and customers form crime, particularly from harm by their own employees, agents

and/or servants, with reasonable care which resulted in plaintiff being attacked and injured. Had defendants, jointly and/or severally, exercised reasonable care in the protection of their patrons, business invitees and customers, such as plaintiff, plaintiff would not have been attacked and/or would not have sustained injuries and damages as set forth herein.

42.     Based upon information and belief, before plaintiff was attacked, defendants, jointly and/or severally, were aware of or, through reasonable care and/or diligence, should have been aware of a high incidence of unlawful activity within their premises and a need to protect their customers, patrons, and invitees, such as plaintiff. Further, upon information and belief, defendants' employee(s), agent(s), and/or servant(s), were the ones who attacked plaintiff.

43.     Based upon information and belief, defendants, jointly and/or severally, by and through their employees, agents and/or servants, intentionally, knowingly with reckless indifference to plaintiff's rights and safety and/or through their failure to exercise ordinary, reasonable or due care caused plaintiff harm and/or offensive contact to plaintiff by words, actions and/or physical contact without plaintiff's consent and/or placed plaintiff in imminent apprehension of such or offensive contract.

44.     Based on information and belief, plaintiff was injured and/or harmed as a result of the assaults by defendants' employees, servants and/or agents.

45.     Based on information and belief, at all relevant times, the actions and conduct of defendants, jointly and/or severally, by and their employees, agents and/or servants, set forth above were done and/or committed and were a direct and proximate as a result of the failure to exercise due care, reasonable or ordinary and/or negligence. Said negligence and actions and/or inactions constituting the failure use reasonable or due care, and/or recklessness from defendants, jointly and/or severally, include, but are not limited to the following:

(a)     negligence and/or recklessness, as set forth herein and below;

(b)     Improper training, supervision, management and/or instructions to Defendants' bouncers, employees, servants and/or agents involved in the assault; battery, false imprisonment, arrest and/or attack of plaintiff;

(c)     The express and/or implied authorization to use improper, excessive, and/or unreasonable force against patrons and/or business invitees such as plaintiff;

(d)     The failure to create, implement, follow or adhere to industry standards, internal management and/or defendants' own policies regarding bouncing safety restraint, patron safety and/or prevention of excessive and/or unreasonable force;

(e)     Defendants' failure to properly and/or adequately select, hire and/or supervise the employees, agents involved in plaintiff's assault, battery, false imprisonment, arrest and/or attack;

(f)     Defendants' failure to use reasonable or ordinary care in the selection and/or hiring of defendants' bouncers, employees, servants and/or agents involved in plaintiff's assault, battery, false imprisonment, arrest and/or attack;

(g)     Defendants' failure to use due, ordinary or reasonable care to establish and/or provide proper and/or adequate employee, agent and/or servant rules, regulations and/or supervisor or management, surveillance, supervision, and/or policies to defendants' employees, bounces, servants, and/or agents involved in plaintiff's assault, battery, false imprisonment, false arrest, and/or attack.

(h)     Defendants' failure to use due care to enforce proper and/or adequate employee, agent and/or servant rules, regulations, supervision and/or management with regard to such actions to prevent or otherwise intervene to minimize the attack, assault, battery, false imprisonment and/or arrest of plaintiff;

(i)     Defendants' failure to use due care to properly and/or adequately intervene and/or restrain defendants' bouncers, employees, servants and/or agents who attacked, assaulted, battered, falsely imprisoned and/or arrested plaintiff;

(j)     Defendants' failure to properly, reasonably, with ordinary and/or due care to properly or adequately intercede and/or contact emergency professional response such as police or others to prevent or minimize the attack, assault, battery, false imprisonment and/or arrest of plaintiff by defendants' agents, servants and/or employees, including by all those who who involved in said attack;

(k)     Defendants' use of unreasonable and/or excessive force;

(l)     Defendants' failure to use due care under the circumstances;

(m)     Defendants' failure to use due care in properly and/or adequately intervening an/or restraining defendants' bouncers, employees, servants and/or agents who attacked, assaulted, battered, falsely imprisoned and/or arrested plaintiff;

(n)     The failure to maintain proper or adequate supervision or surveillance of Defendants' personnel, agents, servants and/or employees under the circumstances presented;

(o)     The failure to test and/or properly monitor Defendants' supervision and/or surveillance to insure that they comply with proper and
reasonable internal practices and as established in the industry;

(p)     The failure to establish and/or to enforce proper or adequate policies to prevent and deter excessive force, assault, battery, false imprisonment, and/or arrest such as what occurred to plaintiff;

(q)     The failure to adequately or properly intervene to prevent the assault of plaintiff;

(r)     The failure to adequately or properly intervene to prevent the battery of plaintiff;

(s)     The failure to adequately or properly intervene to prevent the false arrest, imprisonment of plaintiff;

(t)     Defendants' disregard and/or failure to properly or adequately follow its
policies, practices and/or reasonable practices for preservation of patron safety;

(u)     Defendants' violation of federal and/or state law or ordinance, including negligence per se;

(v)     Failure to properly or adequately protect plaintiff from injury and/or assault;

(w)     Failure to properly or adequately investigate, research, interview and/or select defendants' security;

(x)     Breaching defendants' duties as an innkeeper to plaintiff;

(y)     Failure to correct prior acts of violence against patrons by defendants; employees and/or prior employees, agents and/or security personnel;

(z)     Failure to properly or adequately design, implement and use a security plan for the premises;

(aa)    The failure to install and/or incorporate proper or adequate security procedures and/or devices for defendants' patrons and invitees, such as plaintiff;

(bb)    Leaving plaintiff in a dangerous situation and/or location; and

(cc)    The failure to undertake defendants' security practice with reasonable care;

46.     As a direct and proximate result of defendants' negligence, as set forth above, plaintiff

suffered injuries and damages, as set forth from paragraph thirteen through paragraph twenty of this Civil

Action Complaint.

47.    Defendants' acts and/or omissions set forth above constituted a failure to exercise

reasonable and/or ordinary care, and/or recklessness under the circumstances presented.

WHEREFORE, Plaintiff, Joseph Ruggiero, demands damages of the Defendants The Grog, The Pub

Group, LLC. d/b/a The Grog, and/or, the Pub Group II. LLC. d/b/a the Grog, jointly and/or severally, in a sum

in excess of $75,000.00 plus interest, costs and other relief which the Court may deem appropriate.

### SECOND CAUSE OF ACTION
### STATE LAW CLAIM FOR ASSAULT AND BATTERY
### JOSEPH RUGGIERO
v.
### THE GROG, THE PUB GROUP, LLC D/B/A THE GROG AND THE PUBGROUP II LLC d/b/a THE GROG

48.    By this reference plaintiff incorporates each and every allegation and averment set forth in

Paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

49.    Defendants, jointly and/or severally, through their bouncers, employees, agents,

intentionally, knowingly and/or recklessly attacked plaintiff by hitting, punching or otherwise engaging in

verbal and/or physical abuse or offensive conduct to plaintiff.

50.    As a direct and proximate result of Defendants' intentional, knowing and/or reckless acts,

conduct and/or omissions, as set forth above, plaintiff suffered injuries and damages, as set forth from

paragraph thirteen through paragraph twenty of this Civil Action Complaint.

WHEREFORE, Plaintiff, Joseph Ruggiero, demands damages of the Defendants The Grog, The Pub

Group, LLC. d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, jointly and/or severally, in a sum

in excess of $75,000.00 plus interest, costs and other relief which the Court may deem appropriate.

### THIRD CAUSE OF ACTION
### STATE LAW CLAIM FOR FALSE ARREST and/OR IMPRISONMENT
### JOSEPH RUGGIERO
v.
### THE GROG, THE PUB GROUP, LLC D/B/A THE GROG AND THE PUBGROUP II LLC d/b/a THE GROG

51.    By this reference plaintiff incorporates each and every allegation and averment set forth in

Paragraphs 1 through 50 of this Complaint, as though fully set forth herein.

52.     Defendants, jointly and/or severally, by and through their bouncers, employees, agents and/or servants, intentionally, knowingly and/or recklessly permitted plaintiff's injuries and/or attack as forth above which included false imprisonment and/or arrest by defendants' bouncers, employees and/or agents, as set forth herein.

53.     As a result of Defendant's intentional, malicious, willful, wanton, reckless acts, conduct and/or omissions, plaintiff was unlawfully restrained of his liberty, as well as being caused to suffer mental anguish, embarrassment, humiliation by being falsely imprisoned and arrested.

54.     As a direct and proximate result of Defendants' intentional, knowing and/or reckless acts, conduct and/or omissions, as set forth above, plaintiff suffered injuries and damages, as set forth from paragraph thirteen through paragraph twenty of this Civil Action Complaint.

**WHEREFORE**, Plaintiff, Joseph Ruggiero, demands damages of the Defendants The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, jointly and/or severally, in a sum in excess of $75,000.00 plus interest, costs and other relief which the Court may deem appropriate.

THIRD CAUSE OF ACTION
STATE LAW CLAIM FOR ASSAULT AND BATTERY
JOSEPH RUGGIERO
v.
DOUGLAS SHAFER, CHARLES McHUGH, RYAN WALSH, TORRENCE AMOS, JR.,
CHAND PATELLA AND JOHN DOE NUMBERS ONE THROUGH TEN

55.     By this reference plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 54 of this Complaint, as though fully set forth herein.

56.     Defendants, jointly and/or severally, intentionally, knowingly and/or recklessly attacked plaintiff by hitting, punching or otherwise engaging in verbal and/or physical abuse or offensive conduct to plaintiff.

57.     As a direct and proximate result of Defendants' intentional, knowing and/or reckless acts, conduct and/or omissions, as set forth above, plaintiff suffered injuries and damages, as set forth from paragraph thirteen through paragraph twenty of this Civil Action Complaint.

WHEREFORE, Plaintiff, Joseph Ruggiero, demands damages of the Defendants Douglas Shafer,

Charles McHugh, Ryan Walsh, Torrence Amos, Jr., Chand Patella, and, John Doe Numbers One through Ten

jointly and/or severally, in a sum in excess of $75,000.00 plus interest, costs and other relief which the

Court may deem appropriate.

### FOURTH CAUSE OF ACTION
### STATE LAW CLAIM FOR FALSE ARREST and/OR IMPRISONMENT
### JOSEPH RUGGIERO
### v.
### DOUGLAS SHAFER, CHARLES McHUGH, RYAN WALSH, TORRENCE AMOS, JR.,
### CHAND PATELLA AND JOHN DOE NUMBERS ONE THROUGH TEN

58.     By this reference plaintiff incorporates each and every allegation and averment set forth in

Paragraphs 1 through 57 of this Complaint, as though fully set forth herein.

59.     Defendants, jointly and/or severally, intentionally, knowingly and/or recklessly permitted

plaintiff's injuries and/or attack as forth above which included false imprisonment and/or arrest as set forth

herein.

60.     As a result of Defendants' intentional, malicious, willful, wanton, reckless acts, conduct

and/or omissions, plaintiff was unlawfully restrained of his liberty, as well as being caused to suffer mental

anguish, embarrassment, humiliation by being falsely imprisoned and arrested.

61.     As a direct and proximate result of Defendants' intentional, knowing and/or reckless acts,

conduct and/or omissions, as set forth above, plaintiff suffered injuries and damages, as set forth from

paragraph thirteen through paragraph twenty of this Civil Action Complaint.

WHEREFORE, Plaintiff, Joseph Ruggiero, demands damages of the Defendants Douglas Shafer,

Charles McHugh, Ryan Walsh, Torrence Amos, Jr., Chand Patella, and, John Doe Numbers One through Ten

jointly and/or severally, in a sum in excess of $75,000.00 plus interest, costs and other relief which the

Court may deem appropriate.

FOURTH CAUSE OF ACTION
STATE LAW CLAIM FOR PUNATIVE DAMAGES
JOSEPH RUGGIERO
v.
ALL DEFENDANTS

62.     By this reference plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 61 of this Complaint, as though fully set forth herein.

63.     The conduct of defendants, jointly and/or severally, individually and/or by and through their agents, bouncer, employees and/or security staff constituted an intentional, knowing and/or reckless disregard and/or indifference for the safety of another, plaintiff, which was permitted to occur through defendants' express, actual tacit and/or constructive consent and/or actual or constructive knowledge of said attack, knowing or having reason to know of facts that would lead a reasonable person in defendants' position to realize, not only that this conduct created an unreasonable risk of physical harm to another, but also that the risk was substantially greater than that which would otherwise make defendants' conduct a failure to exercise ordinary care.

64.     It is believed and averred that defendants, jointly and/or severally, permitted such an action to occur, and/or failed to prevent its occurrence, notwithstanding defendants, opportunity to prevent such harm.  It is believed and averred that plaintiff's attack occurred through the willful, knowing and/or reckless disregard of and/or deviation from industry standards, reasonable practices, and/or defendants' own policies and procedures and/or defendants' willful, knowing or reckless failure to follow such standards, enforce them, and/or establish such policies, procedures and/or practices as a proximate result of defendants' failure to use and/or disregard for proper or adequate staff selection, hiring, training, supervision and/or management of defendants' employees, agents, bouncers and/or security staff who attacked plaintiff.

65.     Based upon information and belief, defendants, by and through their agents, employees, bouncers and/or security staff, have engaged in reprehensible conduct in this incident and prior attacks.

66.     Based upon information and belief, there have been other incidents of patron assault at defendants' premises, before and after plaintiff's incident discussed herein.

67.     Defendants conduct, jointly and/or severally, is outrageous and intolerable and warrants exemplary damages. Based upon information and belief, the attack upon plaintiff was with the expressed and/or implicit approval of defendants' management, who expressly and/or implied, authorized the doing and/or refusal to implement or enforce policies to prevent the attack.

68.     Based upon information and belief, defendants' employees and/or management ratified, expressly or implicitly, and/or otherwise approved of the attack of plaintiff.

69.     For all of which harm and/or unreasonable, reckless and/or outrageous conduct, including but not limited to defendants' reckless disregard for the safety or well being of others, plaintiff respectfully requests punitive damages to be awarded against all named defendants, jointly and/or severally.

WHEREFORE, Plaintiff, Joseph Ruggiero, demands damages of the Defendants The Grog, The Pub Group, LLC, d/b/a The Grog, and/or, the Pub Group II, LLC, d/b/a the Grog, Douglas Shafer, Charles McHugh, Ryan Walsh, Torrence Amos, Jr., Chand Patella, and, John Doe Numbers One through Ten jointly and/or severally, in a sum in excess of $75,000.00 plus interest, costs and other relief which the Court may deem appropriate.

THE CHOTINER FIRM

Dated:

L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.564.6544

DANIEL SCHWARTZ

Dated: 8|5|11

DANIEL SCHWARTZ, ESQUIRE   PA #76262
Co-Counsel for Plaintiff
2370 York Road, Suite A-4
Jamison, PA 18929
(215) 491-3500