IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH RUGGIERO : CIVIL ACTION

v. :

THE GROG, et al. : NO. 11-5999

**MEMORANDUM OF DECISION**

THOMAS J. RUETER August 13, 2013
United States Magistrate Judge

Presently before the court is a Motion For Partial Summary Judgment of Defendants Douglas Shafer, Charles McHugh and Chand Patella (Doc. 52) ("Defs.' Mot.") and plaintiff's response thereto (Doc. 58). For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

According to the Complaint (Doc. 1), The Grog is a tavern located in Bryn Mawr, Pennsylvania. Plaintiff alleges that defendants Shafer, McHugh and Patella were employees of The Grog (Complaint ¶ 26). Plaintiff alleges in Count Three of the Complaint that the three moving defendants, along with defendant Ryan Walsh and Torrence Amos, Jr., committed an assault and battery upon him under Pennsylvania law. Id. ¶¶ 55-57. In Count Four of the Complaint, plaintiff alleges that the above-named individual defendants also falsely arrested and imprisoned him. Id. ¶¶ 58-61.

According to plaintiff's deposition testimony, he and his companions went to The Grog on January 21, 2010. (N.T., 9/27/12 ("Pl.'s Dep."), at 25-26.) After plaintiff entered the tavern, he noticed that one of his companions was denied entry because he was under the age of twenty-one. Id. at 51-52. Thereafter, words were exchanged between plaintiff and defendant,

Douglas Shafer, who was employed as a bouncer at The Grog. Id. at 53-54. Plaintiff's three companions tried to convince Mr. Shafer to allow their underage friend into the bar. Id. at 52. Plaintiff testified that Mr. Shafer started "to yell and get very loud" and began cursing at them. Id. at 53. Plaintiff admits that he and his companions "started saying things back to the bouncer." Id.

Accordingly to defendant Shafer, plaintiff and his companions became aggressive when the underage individual was refused entry, and raised their voices. (N.T., 10/2/12 ("Shafer Dep.") at 50-52.) When plaintiff refused to leave the premises, Shafer pushed plaintiff out the door of The Grog and onto the outside pavement. Id. at 56-58. Shafer said that plaintiff was not hurt by the push and did not fall to the ground. Id. at 58. Shafer tried to close the door but plaintiff and his companions grabbed the door preventing it from being closed. Id. at 59. Shafer pushed plaintiff a second time when plaintiff attempted to reenter the bar and throw a punch at Shafer. Id. at 61-66. Plaintiff testified, however, that in addition to pushing him, Shafer punched him in the face and he suffered an injury to this teeth. (Pl.'s Dep. at 56-59.)

After the physical altercation with Shafer, plaintiff walked away from The Grog with his friends. Id. at 60. Plaintiff alleges that several individuals followed him and taunted him. After plaintiff traveled one quarter of a block, one of these individuals punched him in the face, causing serious injury to his teeth. Id. at 62, 66-67. Plaintiff identified the assailant as a black male. Id. at 66, 68, 73, 83. He was later identified as defendant Torrence Amos, Jr., a/k/a "Woo." Plaintiff does not allege that any other individual struck him that day other than Amos and Shafer. (Pl.'s Dep. at 45-47, 83-84, 123-24.)

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when "it might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). To defeat summary judgment, the party opposing the motion cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim, Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982), but must go beyond the pleadings and present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). See Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). See also Matsushita, 475 U.S. at 587-88 (same).

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants McHugh and Patella request that summary judgment be entered because there is no evidence that either of them assaulted or falsely imprisoned plaintiff. "Under Pennsylvania law, an assault occurs when one acts with the unprivileged intent to put another in

3

reasonable and immediate apprehension of a harmful or offensive conduct and which does cause such apprehension." Rajkowski v. City of Philadelphia, 1995 WL 481510, at *2 (E.D. Pa. Aug. 10, 1995). A battery is defined as a "harmful or offensive contact with a person, which results from an act intended to cause the plaintiff or a third-party to suffer such a contact, or apprehension that such contact is imminent." Id.

Here, there is no evidence that defendants McHugh and Patella ever assaulted or committed a battery upon plaintiff. Plaintiff stated he was only threatened and hit by two individuals, Shafer and Amos. (Pl.'s Dep. at 66-68, 79, 83, 119, 121-25, 129.) At plaintiff's deposition, he testified as follows:

> Q. And I'm sure you know this, but you sued, other than The Grog, you sued five individual people?
>
> A. Everyone that was involved in the incident.
>
> Q. Okay. Out of those five individual people from what you just told me, only two of them [Shafer and Amos] actually made physical contact with you?
>
> A. With damaging force, yes.
>
> * * * * * * * *
>
> Q. So at least three of these guys never touch you?
>
> A. (No verbal response).
>
> Q. Is that a yes?
>
> A. Yes. Aside from the handshake, yeah.

Id. at 123-24.

Thus, summary judgment must be granted as to defendants McHugh and Patella on these two claims.[1] Plaintiff, in his response in opposition to Defendants' Motion, does not contest the entry of judgment on all his claims against defendants McHugh and Patella. (Pl.'s Mem. Supp. Resp. at 2.)

Likewise, plaintiff never claimed he was unlawfully detained or imprisoned by any of the defendants. (Pl.'s Dep. at 134-36.) At plaintiff's deposition, he testified as follows:

> Q. You weren't arrested as a result of this incident?
>
> A. No, . . ..
>
> * * * * * * * *
>
> Q. Were you ever prevented from leaving the bar?
>
> A. Prevented how?
>
> Q. Did they try and shut the door and keep you in the bar?
>
> A. No. But he hit me with the door pushing me out of the bar.
>
> Q. At any point, were you ever physically restrained by anyone?
>
> A. No. Nothing of the sort. I didn't even speak to anybody at the bar until he pushed me through the door.
>
> * * * * * * * *
>
> Q. Nobody ever grabbed you and prevented you from moving freely or anything like that?

---

[1] Plaintiff has not alleged a civil conspiracy in his Complaint. Even if he had, there is insufficient evidence to show that defendants Shafer, McHugh and Patella were participants in a conspiracy to assault the plaintiff. The fact that defendants Shafer, McHugh and Patella were present at the time of the assault, or were associated with either Shafer or Amos, is insufficient to establish a conspiracy. See In The Interest of J.F., 714 A.2d 467, 474 (Pa. Super. Ct. 1998) ("Mere association or presence at the scene of a crime is insufficient to establish a conspiracy.").

5

A. No.

Id. at 134-36. There must be a detention in order to sustain a claim of false imprisonment. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). Plaintiff admits he never was detained. Thus, defendants' request for summary judgment on plaintiff's claim for false imprisonment must be granted as to all three defendants, McHugh, Patella and Shafer.[2] Although there is no evidence to support that Shafer detained plaintiff, there is sufficient evidence for the jury to determine the assault and battery claim against Shafer. The court will deny Defendants' Motion as to the assault and battery claim against defendant Shafer. Also, in view of plaintiff's testimony that defendant Shafer punched him in the face for no reason, the court will submit the issue of punitive damages to the jury. See Angelopoulos v. Lazarus PA Inc., 884 A.2d 255, 262 (Pa. Super. Ct. 2005) ("Punitive damages are awarded to punish a defendant for certain outrageous acts and to deter [it] and others from engaging in similar conduct.") (quotation omitted), appeal denied, 897 A.2d 449 (Pa. 2006) (Table).

Accordingly, for all the above reasons the motion for partial summary judgment of defendants is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[2] Plaintiff does not contest the entry of summary judgment in favor of defendant Shafer on the false imprisonment claim. (Pl.'s Mem. Supp. Resp. at 2.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH RUGGIERO | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| THE GROG, et al. | : | NO. 11-5999 |

## ORDER

AND NOW, this 13th day of August, 2013, upon consideration of Motion For Partial Summary Judgment of Defendants, Douglas Shafer, Charles McHugh and Chand Patella (Doc. 52), and plaintiff's response thereto (Doc. 58), it is hereby

## ORDERED

that Motion For Partial Summary Judgment of Defendants (Doc. 52) is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth in the Memorandum of Decision filed this day.

Judgment is hereby entered in favor of defendants Charles McHugh and Chand Patella and against plaintiff Joseph Ruggiero, on all claims asserted in the Complaint.

Judgment is hereby entered in favor of defendant Douglas Shafer and against plaintiff Joseph Ruggiero, on Count Four of the Complaint alleging false arrest and/or imprisonment.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge