IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RUGGIERO | : | CIVIL ACTION |
| v. | : | |
| THE GROG, et al. | : | NO. 11-5999 |

## MEMORANDUM ORDER

AND NOW, this 21st day of November, 2013, upon consideration of the Motion of Defendants, The Grog and The Pub Group, LLC, to Strike Plaintiff's Demand for Trial *De Novo* (Doc. 75), the Motion of Defendant, Douglas Shafer, To Strike Plaintiff's Demand For Trial *De Novo* (Doc. 72), Plaintiff's Motion Pursuant to F.R.C.P. 6(B)(1)(b) [sic] to Extend Time to File Demand for Trial *De Novo* (Doc. 81), and the responses to such motions, it is hereby

## ORDERED

that the motions to strike (Docs. 72 and 75) are **GRANTED** and Plaintiff's Motion Pursuant to F.R.C.P. 6(B)(1)(b) [sic] to Extend Time to File Demand for Trial *De Novo* (Doc. 81) is **DENIED**. Furthermore, plaintiff's request for trial *de novo* filed on October 28, 2013 (Doc. 70), is hereby **STRICKEN**. The arbitration award of September 24, 2013 will be entered as the judgment of the court.

The arbitration award was filed and docketed by the Clerk of the Court on September 24, 2013. Pursuant to Local Rule of Civil Procedure 53.2 plaintiff was required to file his demand for trial *de novo* "[w]ithin thirty (30) days after the arbitration award is entered on the docket." However, plaintiff filed a demand for a new trial on October 28, 2013, after the deadline set by Local Rule 53.2 expired. Thus, the motions to strike must be granted. See Bazaar v. Peck, 1996 WL 755404, at *1 (E.D. Pa. Dec. 30, 1996) (denying demand for trial *de*

*novo* because demand was not made within thirty day period set by Local Rule 53.2). Moreover, plaintiff failed to show excusable neglect for the late filing. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.")

In multiple filings, plaintiff and his attorneys offer conflicting explanations as to why the demand for trial *de novo* was filed late. In his pro se "Motion For Extension of Time To Proceed With Appeal," (Doc. 78), filed after the expiration of the thirty day period set by Local Rule 53.2, plaintiff blames his attorneys of record for not filing the appeal on time, complaining that he 'sent all info [sic] to lawyer and [they] did not file the appeal in time allowed." However, in our system of representative litigation, "clients must be accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs., Inc. v. Brunswick Assocs., Ltd., P'ship, 507 U.S. 380, 396 (1993). Plaintiff voluntarily chose his attorneys to represent him in this action, and "he cannot now avoid the consequences of the acts or omissions of this freely selected agent." Id. at 397 (internal citations omitted). The excusable neglect analysis does not focus on whether a client did all he reasonably could in policing the conduct of his attorney, but whether the neglect of the client and his counsel was excusable. Id. at 396-97.

On November 20, 2013, plaintiff's counsel filed a motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) to extend time to file a demand for a trial *de novo*. See Doc. 81. In that motion, counsel suggests that it was the client's fault for not timely filing the demand for a trial *de novo*. Counsel claims that after the arbitration award was entered on September 24, 2013, they wrote a letter to plaintiff by certified mail, informing "Plaintiff that the fee agreement

did not include any appeal and that counsel would not appeal the award unless and until they were retained to do so." Id. ¶ 9. Counsel claims that plaintiff did not retain counsel to file the appeal. Id. ¶ 10. According to counsel, not until October 21, 2013 did plaintiff express to counsel "his desire to appeal the Award." Id. ¶ 11. Counsel sent an e-mail to plaintiff on October 22, 2013 with attached paperwork, "so that Plaintiff could file the appeal pro se." Id. ¶ 12. On October 25, 2013, plaintiff called counsel "and stated that he never received the aforementioned e-mail." Id. ¶ 13. Plaintiff said he did not receive it because counsel had used an outdated e-mail address. Id. ¶ 14. On October 25, 2013, counsel forwarded to plaintiff copies of the documents by e-mail and facsimile and instructed plaintiff to sign and return them "immediately" so that they could be filed that day by counsel. Id. ¶ 15. Counsel states that they did not receive the signed documents from the plaintiff and, therefore, counsel did not file the demand for trial *de novo*. Id. ¶¶ 16-17. It was not until October 28, 2013, that plaintiff filed a pro se demand for a trial *de novo*. Id. ¶ 18. By that time, it was too late.

        The Supreme Court has explained that determining whether neglect is "excusable" requires weighing a number of factors, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs., Inc., 507 U.S. at 395. The Third Circuit has explained that "excusable neglect" described situations "where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." Consol.

Freightways Corp. of Del. v. Carson, 827 F.2d 916, 920 (3d Cir. 1987). See also Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322-33 (3d Cir. 2012) (discussing Consol. Freightways Corp. of Del. and applying Pioneer's excusable neglect analysis to determine whether a motion for an extension of time to file an appeal was filed timely under Fed. R. App. P. 4(a)(5)).

In the instant case, it is true that there is little prejudice to the defendants by the late filing and the delay has not significantly impacted judicial proceedings. However, the reasons offered by plaintiff for the delay are inexcusable and the late filing was within the control of plaintiff and his counsel. Moreover, the court finds that plaintiff did not exercise reasonable diligence after he was informed that his counsel would no longer represent him.

According to counsel, they told their client on September 26, 2013, that they would not appeal the award until they were retained to do so. Despite this clear admonition, plaintiff did not act until over three weeks later, on October 21, 2013, when he expressed to counsel his desire to appeal the award. Again, on October 25, 2013, when counsel faxed and e-mailed the paperwork to plaintiff and told him to file the notice of appeal "immediately," plaintiff failed to do so. Moreover, counsel easily could have protected plaintiff's rights by filing a timely protective demand for a *de novo* trial, pending plaintiff's decision to retain them for the post-arbitration proceedings. These facts demonstrate that the failure to file a timely demand for a trial *de novo* was not the result of "some minor neglect," see Consol. Freightways Corp. of Del., 827 F.2d at 970, but was the result of the lack of reasonable diligence on the part of plaintiff

and counsel.  Accordingly, the court finds that plaintiff has not demonstrated excusable neglect to allow the court to ignore his non-compliance with the rules of court.

BY THE COURT:


_/s/ Thomas  J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge