IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RUGGIERO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE GROG, ET AL. | : | NO. 11-5999 |

## MEMORANDUM OF DECISION

THOMAS J. RUETER
United States Magistrate Judge                                                      December 6, 2013

      Presently before the court is Plaintiff's Motion for Default Judgment Against Defendant Torrance Amos, Jr. (Doc. 77), filed pursuant to Federal Rule of Civil Procedure 55(b) (the "Motion"). The court held a hearing on the Motion on November 27, 2013. For the reasons that follow, the Motion is **GRANTED** and default judgment in the amount of $386,097.00 will be entered in favor of plaintiff and against defendant, Torrence Amos, Jr.

### I.   PROCEDURAL BACKGROUND

      Plaintiff commenced this action by filing a complaint on September 22, 2011. Defendant, Torrence Amos, Jr., was served on June 18, 2012. See Doc. 28. To date, defendant Amos has failed to plead or otherwise defend himself in this action. On November 14, 2013, plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55, see Doc. 77, and the Clerk entered default on November 14, 2013. The court held a hearing on the Motion on November 27, 2013, but defendant Amos failed to appear. At the hearing, plaintiff presented evidence of the damages he sustained as the result of defendant Amos' conduct.

II.     **FACTUAL BACKGROUND**

According to the Complaint, The Grog is a tavern located in Bryn Mawr, Pennsylvania. See Doc. 1. Plaintiff alleges that defendants Douglas Shafer, Charles McHugh and Chand Patella were employees of The Grog. (Compl. ¶ 26). Plaintiff also alleges Torrence Amos, Jr. and others, committed an assault and battery upon him under Pennsylvania law. Id. ¶¶ 55-57.

According to plaintiff's deposition testimony, he and his companions went to The Grog on January 21, 2010. (N.T. 9/27/12 at 25-26 (hereinafter "Pl.'s Dep.").) After plaintiff entered the tavern, he noticed that one of his companions was denied entry because he was under the age of twenty-one. Id. at 51-52. Thereafter, words were exchanged between plaintiff and defendant, Douglas Shafer, who was employed as a bouncer at The Grog. Id. at 53-54. Plaintiff's three companions tried to convince Mr. Shafer to allow their underage friend into the bar. Id. at 52. Plaintiff testified that Mr. Shafer started "to yell and get very loud" and began cursing at them. Id. at 53. Plaintiff admits that he and his companions "started saying things back to the bouncer." Id.

According to defendant Shafer, plaintiff and his companions became aggressive when the underage individual was refused entry and raised their voices. (N.T. 10/2/12 at 50-52.) When plaintiff refused to leave the premises, Shafer pushed plaintiff out of the vestibule of The Grog and onto the outside pavement. Id. at 56-58. Shafer said that plaintiff was not hurt by the push and did not fall to the ground. Id. at 58. Shafer tried to close the door but plaintiff and his companions grabbed the door, preventing it from being closed. Id. at 59. Shafer pushed plaintiff a second time when plaintiff attempted to reenter the bar and throw a punch at Shafer. Id. at 61-

2

66. Plaintiff testified, however, that in addition to pushing him, Shafer punched plaintiff in the face and plaintiff suffered an injury to his teeth. (Pl.'s Dep. at 56-59.)

After the physical altercation with Shafer, plaintiff walked away from The Grog with his friends. Id. at 60. However, plaintiff claims that several individuals followed him and taunted him. After plaintiff traveled one quarter of a block, one of these individuals punched plaintiff in the face "from behind," causing serious injury to plaintiff's teeth and neck. Id. at 62, 66-67. Plaintiff identified the assailant as a black male. Id. at 66, 68, 73, 83. He was later identified as defendant Torrence Amos, Jr., a/k/a "Woo." Plaintiff does not allege that any individual other than Amos and Shafer struck him that day. (Pl.'s Dep. at 45-47, 83-84, 123-124.)

### III.    DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. In the case at bar, plaintiff served defendant Amos on June 18, 2012. To date, Amos has not entered his appearance in this matter.

In his Complaint, plaintiff alleges that defendant Amos assaulted him without justification, resulting in significant personal injuries. When considering a motion for a default judgment, the court must accept as true the factual allegations in the Complaint, except those relating to the amount of damages. Comdyne I, Inc., v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). In the Complaint, plaintiff requests an award of compensatory and punitive damages in excess of $75,000.00.

It is clear to the court that the injuries sustained by plaintiff as a result of the events of January 21, 2010, resulted almost entirely from the assault committed by defendant Amos, who punched plaintiff without justification, knocked out several of his teeth, and caused serious injuries to plaintiff's cervical spine.  In his deposition, plaintiff testified that defendant Amos "wrapped me from behind really bad."  (Pl.'s Dep. at 66.)  Plaintiff stated that it "was a very devastating blow where I went completely black and I couldn't see for about 30 seconds."  Id. at 67.  Plaintiff explained that after Amos' "devastating punch," plaintiff "felt all my teeth . . . shatter[] in my mouth and [I] spit them into my hand."  Id.

At the hearing, plaintiff entered into evidence medical records relating to the treatment he received for his injuries.  See Pl.'s Assessment of Damages Stmt.  As a result of the injuries he suffered in the assault, plaintiff had several surgical procedures under anesthesia.  According to plaintiff, "those treatments included manipulations, cervical epidural steroid injections, medical pain blocks and medical blocks."  Id. at 2.

In his report dated October 8, 2012, Lance Yaruso, D.O., summarized plaintiff's injuries as follows:

> CONCLUSIONS: As a result of being assaulted on January 21, 2010, the injuries that were sustained by Mr. Ruggerio [sic] are inclusive of the following:
>
> 1.  Closed head trauma.
> 2.  Left temporoparietal calvarium soft tissue injury.
> 3.  Right mandible soft tissue injury.
> 4.  Injuries to teeth, including #24, #25, and #26 necessitating crown and root canal therapy, as well as extraction of impacted teeth #1 and #32, recementing of crown #26.
> 5.  Posterior central disk herniation C5-6 with effacement of the ventral cerebrospinal fluid.

4

  6.  Bilateral radiculopathy C5-6, C6-7, C7-8.
  7.  Cervical strain and sprain.
  8.  Thoracic subluxation.
  9.  Lumbar myofascitis.
  10.  Status post manipulation under anesthesia of cervical spine, thoracic spine, and lumbar spine.

The etiology of the diagnosed injuries are consistent with the mechanism of injury as described by Mr. Ruggerio [sic] when he was assaulted by a number of individuals and struck by the individuals. Based on the examination of Mr. Ruggerio [sic] and review of the submitted records, as well as clinical experience and experience and applicable research his conditions and injuries were caused directly by the assault that was inflicted upon his person on January 21, 2010, by a number of individuals.

The type, intensity, frequency, and duration of the provided treatment, services and products, is consistent with accepted medical standards and appropriate for the severity of the documented injuries that were sustained by Mr. Ruggerio [sic] when he suffered the beating and assault that was inflicted upon his person on January 21, 2010.

The usage of the diagnostic testing and the treatments that were provided was well within accepted medical standards and appropriate for the specific conditions that were being evaluated. The clinical findings as noted on the radiological films and contained within the records, as well as the hard copy studies I had the opportunity to review support the diagnoses as set forth in the records and as set forth as a direct result of my examination of January 21, 2010.

Mr. Ruggerio's prognosis is poor. He did sustain a permanent impairment of his bodily functions in regard to his spinal column, specifically the herniation of the disks in the cervical spine. He also suffered injury to his lumbar spine necessitating treatments, as well as the thoracic spine. He has not recovered from the injuries and has serious impairment of bodily function in regard to those injuries that were outlined from in [sic] the assault of January 21, 2010.

As a result of the assault and the residuals from his injuries, Mr. Ruggerio [sic] has not been able to return to preloss activity

>levels. He has had restrictions in regard to his activities of daily living and has provided information in that regard on the date of examination.
>
>The current treatment plan for Mr. Ruggerio [sic] is to consider operative intervention for the cervical spine. The surgery would entail a multilevel disk excision and stabilization of the spine. The costs of this type of surgery are in the range of 80,000-90,000 dollars. The surgical fees entail treatment during hospitalization, as well as physiotherapeutic modalities and occupation therapy, as well as medications provided in the postoperative recovery phase. Postoperatively as an outpatient, Mr. Ruggerio [sic] will require further physical therapy and treatment, such as he received from Dr. Dugo. The costs for the treatment provided are contained within the records available for review by way of invoicing. Those costs will be the same as for Mr. Ruggerio's [sic] preoperative condition. He will require medications on a monthly basis for at least a one-year period of time. These will entail antalgics, antiinflammatories, membrane stabilizers, muscle relaxants, and sleep aids. The costs are in the range of 350-400 dollars per month. Mr. Ruggerio [sic] will continue to require postoperative therapy for his conditions that directly arose out of the incident of January 21, 2010. The recommended treatment plans for the future are appropriate for and consistent with the severity of the injuries that were sustained by Mr. Ruggerio [sic] in the assault that took place upon his person on January 21, 2010.

(Pl.'s Assessment of Damages Stmt., Ex. 10 at 3.)

In his Assessment of Damages Statement, plaintiff alleges unpaid medical bills for services rendered in the amount of $1,097.00 and a future medical care estimate in the amount of $80,000 to $90,000. Id. at Exhs. 10 and 11. Plaintiff testified at the hearing that he has had to take daily prescription pain medication to ease the pain. (N.T. 11/27/13 at 14.) Furthermore, the injuries plaintiff sustained have impaired his employment prospects and delayed his goal of obtaining a college degree. Id. at 7. The court finds that plaintiff has sustained permanent

injuries and suffered substantial pain and suffering resulting from the assault committed by defendant Amos.  See id. at 11-14.

In consideration of all the facts discussed above, the court hereby finds plaintiff's compensatory damages sustained as a result of the assault by defendant Amos as follows:

| | |
|---|---|
| Past medical expenses | $   1,097 |
| Future medical care | $  85,000 |
| Pain and suffering | $300,000 |
| TOTAL | $386,097 |

The court declines to award punitive damages to plaintiff, because the compensatory damage award is sufficient to punish defendant Amos and deter others from committing similar acts.

IV.     **CONCLUSION**

Accordingly, the Motion is **GRANTED** and judgment will be entered in favor of plaintiff, and against defendant, Torrance Amos, Jr., in the amount of $386,097.00.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RUGGIERO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE GROG, ET AL. | : | NO. 11-5999 |

## JUDGMENT ORDER

AND NOW, this 6th day of December, 2013, in accordance with the court's Memorandum of Decision filed today, it is hereby

ORDERED

that judgment is hereby entered in favor of plaintiff and against defendant, Torrance Amos, Jr., in the amount of $386,097.00

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge